Utopia Equipment Inc. a/a/o Ericka Thornton, Plaintiff-Respondent, -
against
Ocean Harbor Casualty Insurance Co., Defendant-Appellant.



Defendant appeals from that portion of an order of the Civil Court of the City of New York, New York County (Debra Rose Samuels, J.), dated May 9, 2017, which, upon renewal, adhered to a prior order denying its motion for summary judgment dismissing the complaint.




Per Curiam.
Order (Debra Rose Samuels, J.), dated May 9, 2017, insofar as appealed from, reversed, with $10 costs, defendant's motion granted and complaint dismissed. The Clerk is directed to enter judgment accordingly.
Defendant-insurer's motion for summary judgment dismissing the underlying first-party no-fault action should have been granted. Defendant established, prima facie, that the underlying Florida automobile insurance policy had been properly rescinded ab initio, in accordance with Florida Law, and that there was therefore no coverage available to plaintiff's assignor. Defendant's submissions included an affidavit of its claims manager and other proof demonstrating that a rescission notice was sent to the assignor-insured and that defendant had tendered a check for premiums paid within a reasonable time after discovery of the grounds for rescinding the policy (see Utopia Equip., Inc. v Infinity Ins. Co., 55 Misc 3d 126[A], 2017 NY Slip Op 50332[U] [App Term, 1st Dept 2017]; Hu-Nam-Nam v Infinity Ins. Co., 51 Misc 3d 130[A], 2016 NY Slip Op 50391[U] [App Term, 2d, 11th and 13th Jud Dists 2016]). Defendant was not required to establish the basis for the retroactive rescission, but rather had the burden of establishing that it complied with the law of the sister state which permits retroactive rescission (see Utopia Equip., Inc., v Infinity Ins. Co., 2017 NY Slip Op 50332[U]). 
In opposition to defendant's prima facie showing, plaintiff failed to raise a triable issue of fact as to the validity of the retroactive rescission of the policy in accordance with Florida law (see Hu-Nam-Nam v Infinity Ins. Co., 2016 NY Slip Op 50391[U]). 
We have considered plaintiff's remaining arguments and find them unavailing.
THIS CONSTITUTES THE DECISION AND ORDER OF THE COURT.
I concur I concur I concur
Decision Date: January 24, 2018